UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN WILSKE,

        Petitioner,

                                      Case No. 07-11961
v.                                      Honorable Anna Diggs Taylor

BRUCE CURTIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## FOR DISCOVERY PURSUANT TO RULE 6,
## MOTION FOR STAY, AND
## MOTION FOR APPOINTMENT OF COUNSEL [D/E #6]

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Before the Court are Dean Wilske's ("Petitioner") motion for the discovery of various court records, motion for stay, regarding his movement within the Michigan Department of Corrections and his mail, and motion for appointment of counsel.

Regarding Petitioner's motion for discovery, as a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). At this time, Petitioner has not made the requisite showing of "good cause" that his possession of the requested items are necessary to the disposition of his case. *Id.* at 908; 28 U.S.C. foll. § 2254, Rule 6(a).

Petitioner has already filed a habeas petition and supporting materials. This Court has ordered Respondent to submit the relevant state court materials pursuant to Rule 5 of the Rules Governing Section 2254 Cases. On that basis, the Court will deny Petitioner's motion for discovery.

Regarding Petitioner's motion for a stay, the Court finds the motion frivolous. Petitioner is not entitled to request that the Michigan Department of Corrections not move or transfer him to another facility, nor can he request that the Department not scan his mail. Hence, Petitioner's motion for a stay is denied.

Regarding Petitioner's motion for the appointment of counsel, the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984, 123 S.Ct. 1793, 155 L.Ed.2d 677 (2003), *reh. denied*, 539 U.S. 970, 123 S.Ct. 2666, 156 L.Ed.2d 677 (2003). There exists no constitutional right to the appointment of counsel in habeas cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time. Therefore, Petitioner's motion for appointment of counsel is denied.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Discovery" is **DENIED WITHOUT PREJUDICE**. Should the Court determine that such materials are necessary for the resolution of Petitioner's case after reviewing Respondent's answer and the state court record, it will reconsider Petitioner's request and issue an appropriate order. Petitioner need not file an additional motion regarding this issue.

**IT IS ORDERED** that Petitioner's "Motion for Stay" is **DENIED WITH PREJUDICE**. Petitioner's motion is frivolous.

**IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion if it determines at a later date that appointment of counsel is necessary.

**IT IS SO ORDERED.**

        S/ANNA DIGGS TAYLOR
        Anna Diggs Taylor
        United States District Court Judge

Dated: August 6, 2007

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 6, 2007.

Dean Wilske  #460514
Parnall Correctional Facility
1790 E. Parnall
Jackson MI 49201-7139

        s/Johnetta M. Curry-Williams
        Case Manager